# THIBODEAU *v.* HILDRETH.

PATENTS; INTERFERENCE; EMPLOYER AND EMPLOYEE; BURDEN OF PROOF.

Where, in an interference case, it appeared that the junior party was employed as a mechanic by the senior party and was admittedly instructed to improve a particular machine, and each party claimed the machine made as his invention, and the junior party permitted the senior party to make application without protest, it was *held* that the burden was on the junior party to prove his case, and was especially strong against him as he had three concurring decisions of the Patent Office against him; and, the record containing no satisfactory evidence as to who suggested the improvements, a decision of the Commissioner of patents in favor of the senior party was *affirmed.*

No. 291.  Patent Appeals.  Submitted March 17, 1905.  Decided April 4, 1905.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. William Quinby* for the appellant.

*Mr. A. P. Browne* and *Mr. J. A. Watson* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is a companion interference to those of *Jenner* v. *Dickinson* and *Thibodeau* v. *Dickinson,* just decided. [*ante,* 316]. The claim here is for the special construction made by Charles Thibodeau, under the instruction of Herbert L. Hildreth, as claimed by the latter, which was put in interference with Dickinson. It is conceded to be a different form of Dickinson's invention although embodying the same invention, but patentable as an improvement upon it. The issue is thus described in two counts:

"1. In a candy-pulling machine, a pair of candy-pegs, a pivoted, reciprocating, pulling-lever having a puller at its free end swinging in a vertical plane, the swinging movement of the puller constituting the whole of the relative pulling movement of the puller and the pegs, and means to impart opposite, reciprocating, position-shifting movements to their respective pegs which bring them alternately on opposite sides of the path of the puller.

"2. In a candy-pulling machine a candy-puller having a flaring or spreading free end."

Both of the parties to this interference were involved in the companion interferences already mentioned, of *Jenner* v. *Dickinson* and *Thibodeau* v. *Dickinson.* But after the decision of the Commissioner in those cases, Hildreth dropped out. Hildreth and Thibodeau are now at issue between themselves as to the ownership of the special construction shown by both, as against Dickinson. All the tribunals of the Patent Office held

in favor of Hildreth, and Thibodeau has appealed.

The question here is one of originality, rather than of priority of invention. Thibodeau was a mechanic in the employment of Hildreth for the purpose of manufacturing and improving such machinery as Hildreth might require in his business as a manufacturer of candy; and when, in May of 1900, Hildreth had procured one of Dickinson's machines and set it up in his factory, and, as he says, found it unsatisfactory, he set Thibodeau to work to devise something better. The result was the construction and completion by Thibodeau of a machine known in the proceedings as the pendulum-machine, which is the reduction to practice claimed by both Hildreth and Thibodeau. Each claims that the conception which was embodied in this machine is his own. Thibodeau admits that he had no conception of the invention until after the installation of the Dickinson machine in Hildreth's factory in May, 1900; but that he immediately thereafter evolved the idea. Hildreth claims to have had a conception of the invention as far back as the year 1894, which he fails to prove satisfactorily, but at all events in 1899; and the controversy turns upon the question of this prior conception by Hildreth.

We deem it unnecessary to examine the testimony at any length. It is most unsatisfactory on both sides. The parties contradict each other very emphatically upon all essential points; and there is no sufficient corroboration of either, although, if there can be said to be any preponderance of the evidence, it is in favor of Hildreth. Thibodeau's claim to the invention depends wholly upon his own unaided statement. His only witness is his brother, who merely states that Thibodeau told him what he was going to do—a statement which is not at all antagonistic to the claim of Hildreth, that he (Hildreth) was the originator of the idea which was embodied in the machine thereafter constructed. In favor of Thibodeau is only the fact that he was the actual constructor of the machine. Against him is the fact that he was only an employee in the service of Hildreth, retained for the purpose of elaborating the ideas of Hildreth in the construction of such new machinery as the lat-

ter might need in his business. According to the testimony, Hildreth had some more or less adequate ideas of the invention as early as the year 1899, and perhaps even earlier; but what they were is not very clearly demonstrated; and it is not shown, except by inference, that he communicated his ideas, whatever they were, to Thibodeau. One fact, perhaps, is more or less persuasive in his favor. It is that, when the fact that he had made, or was about to make, application for a patent, and this fact was communicated to Thibodeau, the latter failed to claim the invention as his own, although there was no sufficient reason why he should not have done so.

Hildreth was the first to make application for a patent; he came into the office on September 21, 1900. Thibodeau did not apply until August 3, 1901. Hildreth comes to this court with the three concurrent decisions of the Patent Office in his favor. The burden therefore is strongly upon Thibodeau to show error in those decisions; and we fail to find that he has done so.

We think that the decision of the Commissioner of Patents in favor of Hildreth must be affirmed.

The clerk will certify this opinion and the proceedings of the court in this cause to the Commissioner of Patents according to law.                                                        *Affirmed.*

A motion for a rehearing was overruled May 9, 1905.